UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| BRUCE TAYLOR and DEBBIE J. TAYLOR, | ) ) ) | |
| Plaintiffs, | ) ) | 3:11-CV-0044-LRH-VPC |
| v. | ) ) | |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; et al., | ) ) ) ) | ORDER |
| Defendants. | ) ) | |

Before the court is defendants Mortgage Electronic Registration Systems, Inc. ("MERS"); JP Morgan Chase Bank, N.A. ("JP Morgan"); and the Federal National Mortgage Association's ("Fannie Mae") motion for judgment on the pleadings. Doc. #40.

In their motion, defendants argue that plaintiffs Bruce and Debbie Taylor ("the Taylors") are not the real parties in interest in this action because after filing the complaint, they filed for bankruptcy. *See* Doc. #38. The court agrees.

The Taylor's chapter 7 bankruptcy action that is still ongoing. Once a bankruptcy action is initiated, only the chapter 7 trustee is authorized to take action on behalf of property in the bankruptcy estate. 11 U.S.C. § 704(a). Here, it is undisputed that the underlying property became property of the bankruptcy estate upon the filing of the bankruptcy petition. Therefore, the court finds that the Taylors are without standing to bring the present wrongful foreclosure action and that the real party in interest to pursue this action is the bankruptcy trustee. Because the bankruptcy

1 trustee has failed to intervene in this action, the court shall grant defendants' motion and dismiss
2 the underlying complaint without prejudice.

4     IT IS THEREFORE ORDERED that defendants' motion for judgment on the pleadings
5 (Doc. #40) is GRANTED. Plaintiffs' complaint (Doc. #1, Exhibit A) is DISMISSED without
6 prejudice.

7     IT IS SO ORDERED.

8     DATED this 6th day of January, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

2